# McDermott Will & Emery

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

James A. Pardo
Attorney at Law
jpardo@mwe.com
+1 212 547 5353

November 20, 2017

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Commonwealth of Pennsylvania v. Exxon Mobil Corp., et al., Case No. 14-cv-06228

Dear Judge Broderick:

On January 31, 2017, pursuant to Your Honor's Individual Rule 3, the parties submitted a joint letter on Defendants' motion to compel Plaintiff to produce electronically stored information ("ESI"). A copy of that letter is attached at Exhibit A ("Joint Letter"). Following submission of the Joint Letter, the parties continued to meet and confer regarding Plaintiff's failure to produce ESI. Despite those discussions, now more than nine months later – and three years into this case – Plaintiff still has not provided even an anticipated date for production of ESI. Accordingly, Defendants respectfully request that the Court refer their pending motion to compel production of ESI to Chief Magistrate Judge Freeman. A brief overview and update on the meet and confer process follows.

Defendants first attempted to confer with Plaintiff regarding Plaintiff's ESI collection and production in November 2015 – two full years ago.[1] Since that time, Plaintiff has variously asserted that: (1) the parties were not in the "phase [of discovery] that includes the production of [electronic loose files] and ESI" (November 2015);[2] (2) Plaintiff was "proceeding with its ESI

---

[1] See A. Bongiorno Ltr. to M. Axline & T. O'Reilly (Nov. 2, 2015), at 1 ("[B]ased on our review [of Plaintiff's document production], it does not appear that a collection and/or production of ESI has been made."); see also S. Geppert Email to T. O'Reilly (Apr. 6, 2016) ("Please let us know your availability to schedule a call within the next two weeks to discuss the status of Plaintiff's identification and collection of ESI."); A. Bongiorno to D. Miller & M. Axline (Oct. 7, 2016), at 3 ("Defendants repeat the request posed in our August 31, 2016 letter – please provide a date by which Plaintiff anticipates completing its ESI production.").

[2] M. Axline Ltr. to A. Bongiorno (Nov. 25, 2015) (asserting that e-mails "need not be produced at this time").

The Honorable Vernon S. Broderick
November 20, 2017
Page 2

collection and review in accordance with its obligations under the Federal Rules of Civil Procedure and accepted litigation standards,"[3] and was "in the process of comprehensively gathering and producing" ESI (July 2016);[4] (3) Plaintiff actually has yet to start its comprehensive collection, still was identifying custodians, and could not provide a date for production (June & July 2017);[5] and, most recently, (4) Plaintiff hoped to have an update on its collection efforts, but still could not provide a date for production (October 2017).

Over the past nine months, Defendants persisted in good faith efforts to encourage Plaintiff to begin and complete its ESI production. For example, the parties conferred in person or by phone on May 2, May 24, July 6, and October 24, 2017. At Plaintiff's request, Defendants have provided feedback on Plaintiff's initial custodian list and offered suggestions regarding the use of Technology Assisted Review ("TAR").[6] In addition, Defendants offered to have an ESI consultant meet with Plaintiff's ESI consultant and also posed several specific questions in an effort to gauge Plaintiff's progress and timeline.[7] None of these efforts has resulted in significant progress.

In short, despite diligent efforts, Defendants have been unable to break the logjam on Plaintiff's ESI production. Accordingly, Defendants respectfully believe that this motion is appropriate for referral to Judge Freeman or, if the Court prefers, to MDL 1358 Discovery Special Master, Mr. Kenneth E. Warner, Esq.[8]

---

[3] *T. O'Reilly Ltr. to S. Geppert* (July 13, 2016), at 4.

[4] *T. O'Reilly Ltr. to A. Bongiorno* (July 22, 2016); *see also T. O'Reilly to L. Gerson* (Sept. 16, 2016) ("[T]he Commonwealth has consistently advised defendants that it was 'in the process of comprehensively gathering and producing' ESI").

[5] *Bongiorno Ltr. to T. O'Reilly* (June 7, 2017), at 2 (memorializing plaintiff's statements during meet-and-confer that it was not prepared to estimate the volume of ESI collected and had not yet begun collection from most custodians); *Bongiorno Ltr. to O'Reilly* (June 29, 2017) (requesting information on plaintiff's collection and production efforts and suggesting conference between parties' ESI or technical consultants).

[6] Although Plaintiff has sought Defendants' input on its ESI collection and production, Defendants have consistently maintained that Plaintiff – as the custodian of the records at issue – is in the best position to determine its ESI plan. When Defendants have asked questions to better understand Plaintiff's ESI systems, they have received little substantive information. Accordingly, Defendants have been able to provide only the most generic input throughout these discussions.

[7] For example, during the July 2017 meet-and-confer, Defendants asked whether Plaintiff has started its comprehensive collection of ESI (Answer: NO); whether Plaintiff could provide the date when its collection would be complete (Answer: NO); and when Plaintiff would be in a position to advise Defendants if it will use TAR (Answer: UNKNOWN).

[8] See MDL1358 Order appointing Special Master Warner (June 18, 2004) (attached at Exhibit B).

The Honorable Vernon S. Broderick
November 20, 2017
Page 3

Respectfully submitted,

*James A. Pardo/cg*
James A. Pardo

*Liaison Counsel on Behalf of Defendants*

cc:   All Counsel of Record by LNFS